NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyrone Nolan, | No. CV-17-00476-PHX-JJT (BSB) |
| Plaintiff, | **ORDER** |
| v. | **AND ORDER TO SHOW CAUSE** |
| Corizon Health, *et al.*, | |
| Defendants. | |

Plaintiff Tyrone Nolan, who is currently confined in the Arizona State Prison Complex Bachman Unit in Buckeye, Arizona, filed this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 1.) Before the Court is the Report and Recommendation (R&R) of Magistrate Judge Bridget S. Bade recommending that the Court dismiss Plaintiff's claims against Defendant Barnett without prejudice for failure to serve. (Doc. 28.) Plaintiff has filed objections to the R&R. (Doc. 29.) Also before the Court is Plaintiff's Motion for a Court Order (Doc. 13) and Defendant Malachinski's Amended Motion to Dismiss (Doc. 19).

The Court will adopt the R&R and dismiss Defendant Barnett from the action without prejudice. Plaintiff's Motion for a Court Order is denied, and Plaintiff must show cause why Defendant Malachinski should not be dismissed from this action for failure to serve.

**I.    Background**

Upon screening the Complaint pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical claims against Defendants

1 Drs. Malachinski and Barnett in Count One and ordered them to answer. (Doc. 7.) The
2 Court dismissed the remaining claim and Defendants. (*Id.*)

**II.  Report and Recommendation**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *accord Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna–Tapia,* this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.,* 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [magistrate judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the [R & R] to which objection is made.").

On December 6, 2017, the Magistrate Judge recommended dismissing Defendant Barnett from the action without prejudice for failure to serve. (Doc. 28.) Plaintiff filed his Objection to the R&R on December 12, 2017. (Doc. 29.) Thus, the Court will review the R&R de novo.

In the R&R, the Magistrate noted the following facts. On August 1, 2017, service on Defendant Barnett was returned unexecuted. (Doc. 28 at 1; *see* Doc. 11.) Plaintiff thereafter suggested that service could be made on Defendant Barnett by having the U.S. Marshals contact attorney Scott Conlon, who is representing Defendant Barnett in another action before this Court. (Doc. 12.) The service deadline eventually expired, and Defendant Barnett had still not been served. (*See* Doc. 26.) The Court ordered Plaintiff to show cause why Defendant Barnett should not be dismissed, and Plaintiff again stated

that the U.S. Marshals should be directed to contact attorney Scott Conlon, who has not appeared as counsel for Defendant Barnett in the instant case, in order to serve Defendant Barnett. (*Id.*; Doc. 27.)

In the R&R, the Magistrate Judge noted that "there is no evidence that Conlon is authorized to receive service of process for Defendant Barnett in this matter." (Doc. 28 at 2.) Accordingly, the Magistrate Judge recommended dismissing Defendant Barnett without prejudice. In his Objection, Plaintiff rehashes the same argument that Defendant Barnett's attorney in a separate case should be contacted so that service could be made in the instant case. Plaintiff has already been informed that this argument is without merit and that he "is responsible for providing the proper address for Defendant Barnett to effectuate service." (Doc. 28 at 1; Doc. 26 at 1.)

**III. Defendant Malachinski's Amended Motion to Dismiss**

Defendant Malachinski, appearing for the limited purpose of contesting service of process, moves the Court to dismiss him from this action because Plaintiff failed to properly serve him. (Doc. 19.)

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by (1) "delivering a copy of the summons and of the compliant to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode . . ."; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Federal Rule of Civil Procedure 4(m) provides that if a summons and complaint are not served upon a defendant within 90 days after filing, the court shall, after notice to the plaintiff, either dismiss the action or, if the plaintiff shows good cause for the failure, direct that service be effected within a specified time. The Ninth Circuit has explained that Rule 4(m) "requires a district court to grant an extension of time when the plaintiff shows good cause for the delay. A plaintiff may demonstrate good cause by showing that he made a reasonable and diligent effort to effect service. *See Electrical Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992). "Additionally, the rule

permits the district court to grant an extension even in the absence of good cause." *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (internal citations omitted) (emphasis in original). Courts should give the Rule 4 provisions a liberal and flexible construction. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). When determining whether an extension for service is warranted, a district court should consider factors such as prejudice to the defendant, actual notice of a lawsuit, and eventual service. *Efaw*, 473 F.3d at 1041; *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P' ship*, 507 U.S. 380, 395 (1993) (factors to consider in excusable-neglect determined include danger of prejudice, length of delay, reason for delay, and whether party acted in good faith).

In his sworn affidavit Defendant Malachinski attests to the following: he ended his employment at Corizon on October 2, 2017; he did not designate Corizon Health or its agents as his authorized agent to accept service on his behalf; he never received a Summons or Complaint in this action in person or by mail; he never received a Request for Waiver of Service in this matter, and he does not waive service. (*Id*. at 8-9.)

According to the sworn declaration of Drystal Lavender, a Corizon Professional Liability Claims Analyst, Corizon does not accept service of process for former employees. (Doc. 19 at 10-11.) On October 18, 2017, the U.S. Marshals left a Summons and Complaint for Defendant Malachinski at the Corizon complex in Phoenix, Arizona. (*Id*. at 11.) Defendant Malachinski was not employed by Corizon at this time, and Lavender mistakenly accepted service on his behalf because she was not aware that Defendant Malachinski's employment had recently ended. (*Id*.) Defendant Malachinski never designated Lavender or Corizon Health, Inc. as his authorized agent for service of process. (*Id*.)

Based on the foregoing facts, Defendant Malachinski moves the Court to dismiss him from the action based on insufficient service of process. (*Id*. at 1-7.) Plaintiff was initially given until November 22, 2017 to respond to Defendant Malachinski's motion (Doc. 21) and was subsequently given an additional 20 days to respond. (Doc. 24.) To date, Plaintiff has not responded to Defendant Malachinski's motion. Therefore, the

Court will order Plaintiff to show cause why Defendant Malachinski should not be dismissed from this action for failure to serve.

After reviewing the Magistrate Judge's findings de novo and considering Plaintiff's Objections, the Court agrees with the Magistrate Judge's reasoning in the R&R and will dismiss Defendant Barnett from the action without prejudice for failure to serve.

**IV.   Plaintiff's Motion for a Court Order**

In his motion, Plaintiff seeks a Court Order ordering "Corizon Health to supply him with the proper CPAP mask that he can use." (Doc. 13 at 2.) The Court construed this motion as a motion for injunctive relief. (Doc. 18.)

A court may issue an injunction against a non-party only where the non-party acts in active concert or participation with the parties or their agents or employees. Fed. R. Civ. P. 65(d)(2) (a preliminary injunction only binds those who receive actual notice of it by personal service or are parties, their officers, agents, servants, employees, and attorneys, and persons in active concert); *see Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1984) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

Defendant Corizon was dismissed from this action on July 14, 2017. (Doc. 7.) The Magistrate Judge's recommendation has been adopted, and Defendant Barnett will be dismissed from the action for failure to serve. Thus, Defendant Malachinski is the sole remaining Defendant in this action. However, he is no longer employed by Corizon, and therefore not authorized to provide the requested relief. (*See* Doc. 19 at 8.) Accordingly, Plaintiff's Motion for Court Order will be denied.

**IT IS ORDERED:**

(1)   The Report and Recommendation of Magistrate Judge Bade (Doc. 28) is **adopted**, and Defendant Barnett is **dismissed** from the action **without prejudice** for failure to serve.

(2) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for a Court Order (Doc. 13), and the motion is **denied**.

(3) Within **fourteen (14) days** of this Order, Plaintiff must show cause why Defendant Malachinski should not be dismissed from the action for failure to serve.

Dated this 10th day of January, 2018.

Honorable John J. Tuchi
United States District Judge