# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyrone Nolan,<br><br>        Plaintiff,<br><br>v.<br><br>Corizon Health, *et al.*,<br><br>        Defendants. | No. CV-17-00476-PHX-JJT (BSB)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 71) submitted in this matter by United States Magistrate Judge Eileen S. Willett, recommending that the Court dismiss this matter without prejudice for failure to serve the last remaining Defendant. Plaintiff timely filed Objections to the R&R, which the Court also has considered. (Doc. 72.)

Plaintiff instituted this matter exactly two and a half years ago, and still has yet to effect service of process on Defendant Malachinski. This Court ordered dismissal of the Complaint against Defendant in January 2018 after nearly a year had elapsed without service but reopened the matter to allow Plaintiff another opportunity and more time to serve. It since granted yet more time. All of this history is thoroughly detailed in Judge Willett's R&R, as are the time requirements for service under Fed. R. Civ. P. 4(m), and the caselaw providing the requirements for extension of those time limits—which the Court has allowed repeatedly, to no avail.

In his Objections, Plaintiff argues that service has failed through no fault of his own. (Doc. 72 at 1.) The Court understands Plaintiff is in custody and therefore his personal involvement is thus limited, and it does not blame Plaintiff for some act or omission. But that is not the test. Rule 4 places responsibility on a Plaintiff for proper service of process on all defendants within the time limits prescribes, including any extensions authorized by the Court according to law. And as Judge Willett's R&R correctly states, the Court will not assume those responsibilities for an incarcerated party and cannot afford such party greater rights or service than another party not incarcerated. Thus, even where Plaintiff is not "at fault" for a failure to serve Defendant, he is responsible for meeting the service requirement, and if he cannot meet that responsibility, the consequence is dismissal without prejudice.

In his Objections, Plaintiff also asks the Court for an additional 30 days to effect service, as well as the opportunity to serve by alternative means. The Court notes again that after 1) two and a half years and multiple extended opportunities to effect that service, 2) United States Marshal Service assistance in physical service and 3) Court Order requiring former Defendant Corizon to provide Defendant Malachinski's last known address, service still has not been successful. The Court is firmly persuaded that yet another extension is unlikely to yield a different result under the circumstances.

IT IS THREFORE ORDERED adopting in whole Judge Willett's Report and Recommendation (Doc. 71) and overruling Plaintiff's Objections thereto (Doc. 72).

IT IS FURTHER ORDERED dismissing without prejudice the Complaint in this matter as against the final remaining Defendant Malachinski (Doc. 1) and directing the Clerk of Court to close this matter.

Dated this 14th day of August, 2019.

Honorable John J. Tuchi
United States District Judge